EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. EDWIN MELÉNDEZ GRILLASCA, JUEZ, demandado; GERARDO KUILAN BATISTA, interventor.

*Número:* O-74-41  *Resuelto:* 24 de septiembre de 1974

*Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Subprocurador General, y Adolfo J. Vilá, Procurador General Auxiliar,* abogados del peticionario; *Mario A. Rodríguez,* abogado del interventor.

PER CURIAM: En los casos M-72-1165, M-73-109 del Tribunal Superior, Sala de Bayamón, seguidos contra Gerardo Kuilan Batista, se declaró con lugar una moción de supresión de evidencia. El Pueblo de Puerto Rico recurrió para revisar dicha actuación. Dictamos orden para mostrar causa por la cual no debía expedirse el auto solicitado y luego de expedido revocarse la resolución recurrida.

En la declaración jurada que dio base a la orden de allanamiento se expuso lo siguiente:

"Que durante los días 12 y 19 de sept. de 1972, en horas de la tarde, mientras me encontraba en el referido barrio en asuntos relacionados con mi servicio, pude llegar cerca de la casa de Gerardo Kuilan, que debido a que tiene una verja con portón de entrada, yo me hice pasar por vendedor para poder llegar a la misma. Que las dos veces que entré siempre esperaba que fuera alguien a entrar, de las que yo sospechaba fueran boliteros. Que como yo andaba con ropa extravagante no sospechaban de mí. Que yo podía ver cuando Gerardo Kuilan venía al balcón a recibir a las personas, que al saludar ellos a Gerardo Kuilan sacaban un paquetito envuelto en papel y se lo entregaban a Gerardo Kuilan, que éste lo abría en presencia de la persona que se lo entregaba y cotejaba los papeles que habían en el paquete con el dinero que contenía el mismo, que

luego que hacía eso, le entregaba dinero a la persona y ésta se marchaba. Que yo disimuladamente miraba los papeles que chequeaba Gerardo Kuilan y se veri (digo) veían que eran listas de bolita porque todos los números que contenían eran de 3 cifras seguidos de guión y cantidades a la derecha, típicos del juego ilegal de la bolita y/o boli-pool. Que como estas transacciones las observé por dos veces y siempre las mismas personas no tengo la menor duda de que Gerardo Kuilan se dedica a bregar con material relacionado con el juego ilegal de la bolita y/o boli-pool, en violación a lo dispuesto en la Ley 220 del 15 de mayo de 1948, según enmendada."

En la vista de la moción de supresión de evidencia declaró el agente encubierto. En su resolución el juez de instancia hace constar que "[n]o hay diferencias sustanciales entre la declaración escrita prestada por el policía Gilberto Rodríguez al Fiscal y su declaración en la vista."

Al declarar con lugar la moción el tribunal expresó:

"Nuestro ordenamiento jurídico protege la intimidad familiar, concepto que lleva consigo la inviolabilidad de la residencia y todos sus alrededores privados que formen la propiedad, aun de aquellos ciudadanos que viven al margen de la ley. Las salvaguardas constitucionales se aplican a todos por igual, sin distinciones entre hombres buenos y malos. Y el fin no justifica los medios.

Los principios imperantes de las garantías constitucionales son los que gobiernan la conducta de los funcionarios en cuyas manos se ha depositado el poder de hacer cumplir las leyes.

Lo que está a la vista ('plain view'), que se observa desde un sitio en el cual se tiene derecho a estar, puede ser objeto de un registro o allanamiento (*Harris* v. *United States*, 390 U.S. 234; *United States* v. *Grimes*, 429 F.2d 706; *Pueblo* v. *Bogard*, etc. Res. 6 de abril de 1972), o base para la expedición de una orden de registro o allanamiento.

Considerando la ilegalidad de la entrada a la propiedad, todo lo observado por el transgresor es producto de tal ilegalidad, y por ende, no puede dar base para la expedición de una orden de allanamiento válida.

Por todo lo cual, se declara con lugar la supresión de la evidencia en poder del Ministerio Público, relacionada con la

declaración y orden de allanamiento a que hemos hecho referencia."

■ Reiteradamente se ha sostenido que los agentes encubiertos son imprescindibles para perseguir el juego ilegal de la bolita y el tráfico de drogas. En *Pueblo* v. *Soto Zaragoza*, 94 D.P.R. 350 (1967) expresamos: "Reafirmamos ahora que existe la necesidad de actividad encubierta para la persecución de ciertos delitos, como la bolita, el tráfico de drogas y las bancas clandestinas. En la esfera federal, tan recientemente como el 12 de diciembre de 1966, se enunció igual criterio en *Lewis* v. *United States*, 385 U.S. 323, pero como acertadamente allí se apunta 'las circunstancias particulares de cada caso gobiernan la admisión de evidencia obtenida mediante el ardid o el engaño'."

En el presente caso un agente encubierto, haciéndose pasar por vendedor de huevos, esperó a que entrara al patio de la residencia de Gerardo Kuilan una de las personas que iban a entregar la colecta de la bolita, para entrar con ella y pudo observar cuando ésta le hace entrega de las listas y del dinero correspondiente. Esto lo hace en dos días diferentes. A pesar de que se ha cometido un delito en su presencia no arresta a Kuilan y al vendedor, sino que acude a donde un magistrado con una declaración jurada exponiendo los hechos que ha observado y obtiene una orden de allanamiento. Se ejecuta la orden y se ocupan listas de bolita, $25,145 en efectivo y un revólver y 20 balas.

■ De lo expuesto por el agente en su declaración jurada surge que Kuilan había convertido su residencia en el sitio donde los vendedores le entregaban las colectas del juego de bolita. El agente encubierto tuvo libre acceso al patio de la residencia de Kuilan, y los hechos que observó los podía utilizar para obtener una orden de allanamiento. No es otra cosa que una fase adicional de la función del agente encubierto. Kuilan tuvo la protección que le garantiza la Constitución en la Sec. 10 de la Carta de Derechos: "Sólo se expedirán mandamientos

autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse." *Cf. Pueblo* v. *Bogard,* 100 D.P.R. 565 (1972); *Lewis* v. *United States,* 385 U.S. 206 (1966).

*Se expedirá el auto solicitado y se revocará la resolución dictada por el Tribunal Superior, Sala de Bayamón con fecha 7 de noviembre de 1973.*

El Juez Asociado Señor Rigau, no intervino.