JOSÉ LUIS LOYO COLÓN, ETC., ET AL., demandantes y recurridos, *v.* BARGAIN TOWN DE PUERTO RICO, INC., ETC., ET ALS., demandados y recurrentes.

*Número:* R-76-214      *Resuelto:* 18 de noviembre de 1976

*Charles A. Cordero,* abogado de los recurrentes; *Carlos Rodríguez Sierra,* abogado de los recurridos.

SENTENCIA

En este caso se dictó una sentencia que totaliza $12,750.00. Se trata de uno de estos casos en que un empleado de la firma demandada llama la atención o interviene con un visitante a un establecimiento comercial cuando surgen dudas de si dicho visitante ha pagado por determinada mercancía que tiene en sus manos y que saca o trata de sacar del establecimiento.

Hemos examinado la sentencia del tribunal de instancia, la solicitud de revisión fundamentada, el memorando en oposición a que se expida el auto y la exposición narrativa de la prueba sometida por la demandante recurrida.

Somos de opinión que el empleado de la demandada actuó dentro del marco que exigían las circunstancias y que la conducta de las demandantes le indujo a ello, no habiendo pues incurrido en negligencia y que por lo tanto procede revocar la sentencia recurrida, como por la presente se revoca.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Presidente Señor Trías Monge, no intervino. Los Jueces Asociados Señores Torres Rigual, Irizarry Yunqué y Negrón García disintieron. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—0—

Voto Disidente del Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 18 de noviembre de 1976.

El incidente que dio origen a la acción ejercitada por los demandantes recurridos ocurrió el 4 de diciembre de 1973. Es recogido de la siguiente manera en las determinaciones segunda y tercera que sobre los hechos hizo el tribunal sentenciador, que están basadas en prueba no contradicha, pues la parte demandada descansó en la aportada por la parte demandante.

"2. Alrededor de las 12:30 a 1:00 de la tarde de dicho día las mencionadas demandantes compraron una caja de galletas y otra de chocolates y pagaron por esos artículos. Después de pasar por la caja abrieron los referidos paquetes de comestibles y comenzaron a comer de los mismos. En eso se les acercó un empleado de la tienda y les preguntó si habían pagado por los artículos, ellas le contestaron en la afirmativa, pero el empleado insistió en registrarlas. Les puso un pie al frente y las obligó a ir hasta una esquina donde registró la mercancía percatándose que la misma había sido pagada y se disculpó por su intervención con las co-demandantes.

3. El incidente duró alrededor de 15 minutos y como se trataba de la época pre-navideña había mucha gente en el lugar incluyendo a un joven del pueblo de Barranquitas que conocía a las co-demandantes ya que éstas también vivían en ese pueblo."

El Pueblo puertorriqueño, al adoptar su Carta de Derechos, estableció como primera premisa, como pauta fundamental y norma regidora de todo el sistema constitucional, la siguiente: "La dignidad del ser humano es inviolable." Art. II (Carta de Derechos), sección primera de la Constitución. Concluye esa sección con el mandato para que las leyes y el sistema de instrucción pública encarnen éste y los demás principios "de esencial igualdad humana" que allí se enuncian.

El poder judicial, cuya máxima autoridad radica en este Tribunal Supremo, tiene la ineludible obligación de velar porque se respeten y se cumplan esos principios. Si se hace una sola excepción se afloja y se relaja la norma y se pone en peligro todo el sistema.

Estoy consciente que Bargain Town y tantas otras empresas comerciales que han proliferado en nuestro país operando como parte de grandes centros comerciales a base del sistema de auto servirse sus patrocinadores son frecuentemente objeto de hurtos de mercancía. Si desean conjurar el mal, deben valerse de medidas que sean legalmente válidas y que no transgredan el respeto y la consideración que le deben a nuestra sociedad, de cuyo patrocinio se benefician. No podemos, en aras de proteger el interés económico de Bargain Town hacer una excepción y dar por bueno, sin ulterior responsabilidad para Bargain Town, que sus empleados a base de meras sospechas, detengan a los parroquianos a la salida de sus establecimientos, les impidan la salida a la manera de las películas del Oeste, groseramente interponiendo sus pies al paso de éstos, les obliguen a arrinconarse en determinado sitio y allí los registren, como sucedió en este caso con las tres damas demandantes.

Los valores que ordena salvaguardar la Carta de Derechos, aquí presentes, están muy por encima de los intereses económicos de una tienda o establecimiento comercial. Mi sentido de respeto a la dignidad de la persona humana, y la obligación que como puertorriqueño y como juez tengo de hacer valer lo que el Pueblo ha mandado que sea su voluntad suprema, me obligan a disentir.