Aponte Jiménez, Juez Ponente
*990 TEXTO COMPLETO DE LA SENTENCIA
La parte demandada-apelante, Almacenes Pitusa, Inc., (Pitusa), nos solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Ponce. Dicho dictamen acogió una demanda presentada por los demandantes-apelados, Ceferina Martínez Martínez y su esposo, Sandor Acevedo Gordils, reclamando daños y perjuicios sufridos como resultado de la intervención irrazonable que sostuvo un supervisor de Pitusa provocada por su alegación de que la co-demandante Ceferina Martínez Martínez no pagó por mercancía que se llevó. Luego de estudiar los alegatos de las partes y por los fundamentos que a continuación esbozamos, acordamos confirmar el dictamen apelado.
Examinemos los hechos pertinentes según determinados por el foro de instancia. La co-demandante Ceferina Martínez Martínez acudió a uno de los establecimientos de Pitusa para realizar una compra. Una vez seleccionó la mercancía deseada, pagó por ella. Cuando se disponía a salir del establecimiento, fue abruptamente detenida por el supervisor de cajeros de Pitusa. Este, le exigió el recibo de compra. Lo hizo en voz alta delante de varios clientes. La señora Martínez le preguntó qué sucedía. El le contestó delante de otros clientes que no había pagado por el fardo de arroz que llevaba en una parte del carrito de compras. Ella le respondió que acababa de pagar todos los artículos. El supervisor le quitó el recibo de las manos y procedió a examinar la compra artículo por artículo percatándose después que en efecto la señora Martínez había pagado por todos los productos. La cajera le admitió en ese momento al supervisor que cometió un error al no adherir el sello que acreditaba el pago al fardo de arroz. Advertido luego del error, el supervisor le devolvió el recibo de compra a la señora Martínez no sin antes decirle en voz alta que ese era su trabajo y que ante la duda tenía que proceder de ese modo. 
La señora Martínez se sintió sumamente avergonzada y humillada por la situación creada por el supervisor de Pitusa. El narrado incidente ocurrió en presencia de un grupo indeterminado de clientes que aquella mañana se encontraban en la tienda. Al regresar a su hogar, irrumpió en llanto y se puso en tal estado de nervios que requirió ser transportada al hospital. Allí se le suministró un tranquilizante para calmarla. Le encontraron la presión sanguínea alta, razón por la cual fue referida a su doctor de cabecera para que continuara cualquier tratamiento dado su historial de hipertensión. Al momento de prestar declaración durante la vista del caso estableció que no puede tranquilamente visitar establecimientos comerciales. Teme que lo que le ocurrió en Pitusa, se repita. Cuando el esposo de la señora Martínez, el co-demandante, Sandor Acevedo Gordils, regresó a su hogar, fue informado de todo lo acontecido. Este se sintió igualmente avergonzado y humillado. Intentó atender y consolar a la señora Martínez, madre de sus hijos y compañera suya de toda una vida.
El tribunal apelado adjudicó credibilidad. Concibió el descrito cuadro fáctico conforme lo describió la parte demandante. Al amparo de los Arts. 1802 y 1803 de nuestro Código Civil, 31 L.P.R.A. sees. 5141-5142, declaró con lugar la demanda. Ordenó a Pitusa indemnizar a la señora *991 Martínez y a su esposo en $7,500 y $2,500 respectivamente. Inconforme, Pitusa nos señala que erró el tribunal a quo al: "(1) hacer determinaciones de hechos que no reflejan el balance más racional y justiciero de la prueba desfilada; (2) al apoyar su sentencia en un dictum de la opinión disidente, en. Loyo Colón v. Bargain Town, 105 D.P.R. 331 _ (1976); (3) al conceder indemnizaciones irrazonables e improcedentes en derecho que no están sostenidas por la prueba; (4) y al imponer honorarios por temeridad, ausente una determinación al respecto y prueba que los sostengan."
Atendido el primer señalamiento de error basta decir que la apreciación de la prueba hecha por el Tribunal de Primera Instancia merece nuestra deferencia. Este Tribunal no intervendrá con dicha apreciación a menos que se nos demuestre que el tribunal apelado actuó movido por pasión, prejuicio o parcialidad o cometió un error manifiesto. Monllor Arzola v. Soc. Legal de Gan., 95 J.T.S. 77, a las págs. 962-963; Pérez Cruz v. Hosp. La Concepción, 115 D.P.R. 721, 728 (1984). Después de evaluar la transcripción de la prueba desfilada durante la vista del caso en su fondo, a la luz de los argumentos esgrimidos por la parte apelante, concluimos que no se nos ha demostrado que el tribunal a quo evaluó la prueba presentada mediando pasión, prejuicio o parcialidad, o que en alguna instancia cometió error manifiesto que merezca nuestra intervención con su apreciación.
No obstante lo anterior, debemos discutir otros aspectos del primer error señalado. Se alega que no hubo prueba de que Pitusa actuó maliciosa o negligentemente. Carece de mérito ese planteamiento. El Art. 1802, supra, es la fuente estatutaria de la responsabilidad civil extracontractual en Puerto Rico. Es tan amplio como la conducta de los seres humanos e incluye cualquier transgresión humana que genere un mal o un daño. Colón v. Romero Barceló, 112 D.P.R. 573, 579 (1982); Reyes v. Sucesión Sánchez Soto, 98 D.P.R. 305, 310 (1970). El récord refleja que la cajera de Pitusa no adhirió la etiqueta roja de pago en el fardo de arroz comprado por la co-demandante. El supervisor de cajeros, sin mediar consideración alguna de clientes allí presentes, detuvo a la señora Martínez. La acusó en voz alta de no haber pagado por el fardo de arroz. Procedió a cotejar los artículos de la compra uno por uno. Ciertamente, dichas actuaciones figuran entre las transgresiones contempladas por el Art. 1802, cuya comisión genera responsabilidad extracontractual cuando ocasiona algún daño y existe relación causal. Cf., Soc. Legal de Gananciales v. González Padín, 117 D.P.R. 294 (1986). No se cometió el error señalado.
Mediante el segundo error se nos plantea que el tribunal basó su determinación en lo sugerido por la opinión disidente en Loyo Colón v. Bargain Town, supra. Si bien es cierto que el tribunal citó urt segmento de la opinión disidente del Juez Asociado Irizarry Yunqué en el cual dicho Juez expresa su rechazo a la actuación del empleado de una tienda, similar a la que nos ocupa, ello no es razón suficiente para revocar la sentencia apelada. En primer lugar, el citado caso fue resuelto mediante sentencia lo cual significa que no establece precedente normativo. Además, posteriormente el Tribunal Supremo reconsideró su dictamen. Dejó sin efecto la sentencia original revocando al tribunal de instancia. En su lugar la confirmó modificando las cuantías concedidas en una reclamación por daños y perjuicios presentada por tres clientes de una tienda que fueron intervenidos irrazonablemente por los empleados de la misma. Es decir, la opinión disidente finalmente concluyó siendo la "posición mayoritaria". No se cometió el error apuntado.
El tercer error alegado versa sobre lo excesivo de las cuantías concedidas a los demandantes-apelados. En específico la parte apelante cuestiona la cantidad de $5,000 concedida a la co-demandante Ceferina Martínez Martínez por concepto de la humillación y vergüenza sufrida, unido a los $2,500 concedidos por separado por concepto de daños y angustias. Igualmente impugna los $2,500 concedidos al co-demandante esposo de la señora Martínez. Aunque resulta confusa la forma en que se desglosaron las partidas de daños de la señora Martínez, opinamos que las mismas, al fin de cuentas indemnizan un daño general usualmente denominado y conocido por angustias y sufrimientos mentales. Sabido es que la estimación de los daños por concepto de angustias mentales es una tarea judicial ardua y difícil. Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 451 (1985). Por ello existe la norma apelativa de que no se intervendrá con dicha estimación a no ser que ésta sea excesivamente alta o ridiculamente baja. Id., Agosto Vázquez v. F.W. Woolworth & Co., Opinión del 13 de mayo de 1997, 97 J.T.S. 56, a la pág. 951. Es el Tribunal de Primera Instancia el que tiene contacto directo con la prueba sobre daños y esta, por ende, en mejor posición de aquilatar la misma. Rodríguez Cancel, supra, a la pág. 451.
*992 Quien cuestione la estimación de los daños tiene la obligación de demostrar las circunstancias que hagan meritoria su modificación. Id.1, Agosto Vázquez, supra. Siendo esta la normativa aplicable, concluimos que no se nos ha puesto en posición de alterar las cuantías concedidas a la parte demandante. Considerando las circunstancias concurrentes a la ocurrencia del incidente, en unión al hecho de que la señora Martínez tuvo que ser atendida en el hospital, y que en la actualidad no puede tranquilamente visitar establecimientos comerciales por el temor a que una situación similar se repita, concluimos que no debemos intervenir con esa apreciación. En cuanto al señor Acevedo tampoco podemos concluir que es exageradamente alta la cuantía. A la luz de los 37 años de matrimonio entre él y la perjudicada, en adición a lo que experimentó cuando su esposa le narró lo sucedido, unido a los problemas que ella atraviesa cuando visita un establecimiento comercial y la apreciación del juez de instancia referente al estado depresivo que demuestra ante el recuerdo de los hechos, justifica la cantidad concedida. \
El último señalamiento de error no merece consideración de nuestra parte. De la sentencia apelada no se desprende la imposición de honorarios de abogado por temeridad. Cónsono con lo anteriormente discutido, acordamos confirmar el dictamen apelado por estimar que no se cometieron los errores apuntados.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 68
1. Se estableció en la vista que Pitusa le adhiere un sello rojo a los productos que por su tamaño no pueden ser empaquetados indicativo de que el mismo se ha pagado.
2. Todo este incidente fue reportado a la policía. Se entrevistaron a las partes y se determinó no presentar ningún tipo de denuncia criminal.
3. Aunque las partes no citan este precedente, opinamos que el mismo es relevante a la situación de autos por su parecido. Allí se dispuso que un comercio puede establecer medidas de seguridad razonables para proteger su propiedad (mercancía a la venta) siempre y cuando las mismas no atenten contra la seguridad e integridad de sus patrocinadores. Se concluyó que el sistema conocido como sensormatic cumple con esos requisitos. Ahora bien, la responsabilidad de que el sistema funcione adecuada y apropiadamente recae sobre el establecimiento comercial. Cuando el mal manejo del sistema causa la detención de un cliente injustificadamente se genera responsabilidad extracontractual de parte del establecimiento.
4. Véase nota del compilador en el citado caso a la pág. 331.