EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN LUIS ROSA BURGOS, acusado y apelante.

*Número:* CR-74-67        *Resuelto:* 27 de febrero de 1975

*Heyda Vigil McClin,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General* y *Américo Serra* y *Lirio Bernard de González, Procuradores Generales Auxiliares,* abogados de El Pueblo.

PER CURIAM: El joven apelante fue sorprendido el 25 de febrero de 1971 por agentes de la División de Drogas y Narcóticos en un grupo de cuatro mientras en un zaguán de "La Perla" uno de ellos se hallaba en el proceso de inyectar a otro.

Al apelante se le ocupó un *deck* con 4.8 mgs. de heroína pura y juzgado el 19 de mayo de 1971 en cargos de posesión y transportación, resultó convicto en ambos y se le impuso pena de 7 a 12 años de presidio.

Funda sus dos primeros señalamientos de error en que la ínfima cantidad de heroína a él ocupada no infringe la prohibición de posesión y en el hecho de no ser uno de los partícipes en la inyección de la droga cuando fue intervenido.

El apreciable argumento de la Sociedad para Asistencia Legal no basta para dejar sin efecto la convicción. Si bien este Tribunal resolvió en *Pueblo* v. *Márquez Estrada,* 93 D.P.R. 811, 812 (1966), adoptando un sensato criterio de California, que una traza o residuo sin potencial narcotizante no constituye acto criminal a pesar de que el Art. 29 de la Ley de Narcóticos de Puerto Rico (24 L.P.R.A. sec. 974z) sanciona cualquier cantidad de droga, dicha decisión se emitió frente a circunstancias de un poseedor único de una tapita de la que hubo el químico que raspar unos cristalitos que fue todo cuanto pudo analizar. Márquez no usaba la droga ni se encontraba reunido con otros en acción colectiva para usarla. La situación del apelante es más parecida a la de *Pueblo* v. *Cruz Rosado,* 97 D.P.R. 513 (1969), donde el *deck* se hallaba sobre la arena junto a una cajita que contenía la aguja hipodérmica, el gotero y la chapita. Se resolvió, citando a *Pueblo* v. *Pellot Pérez,* 92 D.P.R. 812 (1965), que no es necesario probar la posesión física por parte del acusado. El apelante, aparte de la cantidad mínima de heroína sobre su persona, compartía por extensión la posesión común de los instrumentos de inyección y demás raciones de droga que el grupo de cuatro sorprendidos por la policía utilizaba precisamente para estimularse con heroína.

Sí tiene razón el apelante, y así lo reconoce la Procuradora General, en cuanto a que no estando envuelta operación de venta, es acreedor a la pena más benigna para posesión dispuesta en la Ley de Sustancias Controladas (24 L.P.R.A.

480

sec. 2101 y ss.). *Pueblo* v. *Figueroa Castro*, 102 D.P.R. 279 (1974).

*Se deja sin efecto la sentencia dictada el 2 de julio de 1971 por el Tribunal Superior, Sala de San Juan, al que se remite el expediente con instrucciones de resentenciar al acusado de conformidad con el Art. 404 de la Ley de Sustancias Controladas de Puerto Rico (24 L.P.R.A. sec. 2404).*