EL PUEBLO DE PUERTO RICO, peticionario, v. ISMAEL RIVERA RIVERA y OTROS, acusados y recurridos.

Número: O-84-144        Resuelto: 29 de abril de 1986

*Doris Zoé Pons Pagán, Procuradora General Auxiliar*, abogada de El Pueblo; *Eric J. Pijuan Torres*, abogado del acusado recurrido Luis E. Bonet Rivera.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Mientras el policía estatal Ángel López Báez se encontraba expidiendo boletos de tránsito en relación con vehículos que se encontraban mal estacionados en la Avenida Ponce de León, en jurisdicción de Santurce, Puerto Rico, pudo escuchar cuatro o cinco detonaciones de arma de fuego. Observó, entonces, dicho agente a un grupo de jóvenes que corrían por la referida avenida, en dirección de este a oeste, los cuales le indicaron que desde un vehículo de motor alguien les estaba disparando. Se percató, adicionalmente, de que efectivamente un vehículo

de motor (¹) con varias personas en su interior "perseguían" al grupo de estudiantes. El agente corrió tras el vehículo y los jóvenes; luego de observar que uno de los ocupantes del vehículo hizo un nuevo disparo contra los estudiantes, el policía a su vez le disparó a las gomas del vehículo con el propósito de lograr que el mismo se detuviera. El policía López Báez se montó en una motora de otro agente de la Policía de Puerto Rico que transitaba por el lugar, continuando ambos la persecución. El vehículo de motor finalmente se detuvo al impactar una vitrina de un establecimiento comercial. Luego del impacto, una persona revólver en mano salió corriendo del vehículo, perdiéndose de vista. Al acercarse al vehículo en cuestión, los agentes del orden público pudieron percatarse de que había cuatro (4) individuos dentro del vehículo: el conductor, que resultó llamarse Carlos Rivera Serrano; el padre de éste, Ismael Rivera Rivera, que ocupaba el asiento del pasajero; Luis Bonet Rivera y Luis Reyes Ortiz, los cuales ocupaban el asiento trasero del vehículo.

El policía López Báez pudo observar que sobre el asiento delantero, en el lado del pasajero, se encontraba un maletín color negro. Los agentes procedieron a ordenarle a los cuatro ocupantes del vehículo que se bajaran del mismo y los pusieron bajo arresto. Un registro inmediato del maletín negro produjo: un revólver, calibre 45, marca Webley, serie 164887, cargado con seis (6) balas, el cual no está registrado en Puerto Rico; un sobre pequeño conteniendo picadura de marihuana; un envase plástico con picadura de marihuana y nueve (9) envolturas blancas a manera de cigarrillo conteniendo picadura de marihuana, y documentos personales pertenecientes a Carlos Rivera Serrano. En la parte trasera del interior del vehículo se ocupó una mochila o bulto conteniendo en su interior una caja de cigarrillos con picadura de marihuana y un pasaporte perteneciente también a Carlos Rivera Se-

---

(¹) El agente pudo constatar posteriormente que se trataba de un Toyota, modelo 1982, color vino, tablilla 73A098.

rrano. De la investigación realizada por la Policía surgió el hecho de que la "razón" para la persecución y el atentado realizado lo era el hecho de que uno de los jóvenes había agredido físicamente al conductor Carlos Rivera Serrano con anterioridad a dicho momento.

Radicados pliegos acusatorios [2] contra los aquí recurridos, en lo pertinente, por los delitos de infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico e infracción a la Sec. 404 de la Ley de Sustancias Controladas de Puerto Rico, [3] los acusados radicaron una moción solicitando la supresión de la evidencia antes descrita. Señalada vista *para la discusión de la referida moción de supresión,* el Tribunal Superior de Puerto Rico, Sala de San Juan, [4] declaró con lugar la supresión solicitada en relación con los coacusados Ismael Rivera Rivera, Luis Bonet Rivera y Luis Reyes Ortiz, no así en cuanto al coacusado Carlos Rivera Serrano. En adición, procedió a "absolver" en dicha vista a los coacusados Rivera Rivera, Bonet Rivera, y Reyes Ortiz.

Inconforme, el Estado acudió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari.* [5] Le

---

[2] Luego de la determinación de causa probable para arresto y la celebración de la correspondiente vista preliminar.

[3] Según surge del expediente, contra el acusado Ismael Rivera Rivera se radicaron acusaciones por infracción a la Ley de Armas y la Ley de Sustancias Controladas; contra Carlos Rivera Serrano, Luis Bonet Rivera, y Luis Reyes Ortiz únicamente por infracción a la Ley de Sustancias Controladas.

[4] Hon. Laura Nieves, Juez Superior.

[5] El Estado le imputa al foro de instancia la supuesta comisión de tres (3) errores, a saber:

"1. Erró el Honorable Tribunal de Instancia al ordenar celebrar una vista en las Mociones de Supresión de Evidencia a pesar de que los imputados no tenían capacidad legal (*standing*) y así lo había indicado el Ministerio Fiscal.

"2. Erró el Honorable Tribunal de Instancia al determinar que el s[o]lo hecho de haber documentos pertenecientes a Carlos Rivera Serrano donde se ocupó material delictivo, era suficiente para absolver a los demás coacusados.

concedimos término a los coacusados recurridos para que mostraran causa por la cual la resolución recurrida no debe ser revocada. Han comparecido. Resolvemos.

I

Antes de emitir juicio sobre la corrección o no de la decisión del tribunal de instancia *suprimiendo* la evidencia ocupada, procede que resolvamos el punto de si el Estado —atendido el hecho de que el tribunal de instancia "absolvió" a los recurridos— puede revisar la referida decisión. Dados los hechos particulares del presente caso, contestamos en la afirmativa.

■ Sabido es que, de ordinario, el Ministerio Público no puede acudir ante el foro apelativo en revisión de una "absolución en los méritos"; esto es, del "fallo absolutorio" emitido, por juez o por jurado, durante la vista en su fondo, o juicio, a que es sometido un imputado de delito. *United States* v. *Ball*, 163 U.S. 662, 671 (1896); *United States* v. *Sisson*, 399 U.S. 267, 289 (1970).[6]

■ Como hemos visto, sin embargo, esa no fue la situación en el presente caso. Aquí, el tribunal de instancia "absolvió" a los recurridos en una vista señalada para la discusión de una moción de supresión de evidencia. Claramente, dicha vista no es el "acto del juicio" que contempla nuestro ordenamiento jurídico. Hemos resuelto que, como regla general, la solicitud y vista sobre supresión de evidencia *deberá hacerse y celebrarse antes del juicio* pero que la solicitud, aun cuando se haya presentado y denegado previamente, puede reprodu-

---

"3. Erró el Honorable Tribunal al absolver a tres (3) imputados cuando lo que estaba ante su consideración era una vista para considerar las Mociones de Supresión de Evidencia, a pesar de la oportuna objeción del Ministerio Fiscal."

[6] La excepción a esta norma es cuando se determina que el fallo ha sido obtenido mediante fraude o colusión. *Pueblo* v. *Rivera Ramos*, 88 D.P.R. 612, 622 (1963).

cirse en el acto del juicio si de la prueba de cargo surge la ilegalidad del registro. *Pueblo* v. *Hernández Flores*, 113 D.P.R. 511 (1982); *Pueblo* v. *Rey Marrero*, 109 D.P.R. 739, 750–751 (1980). En segundo lugar, la Regla 111 de las de Procedimiento Criminal establece, en lo pertinente, que las *"cuestiones de hecho* en casos de delito grave (*felony*), . . . habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa y personalmente" a dicho derecho. (Énfasis suplido.) De ordinario, dicha renuncia no se lleva a efecto antes del comienzo de la vista de supresión. La razón para ello es manifiesta: en la referida vista no está en controversia la culpabilidad o inocencia del acusado; *lo único a decidirse es la legalidad o razonabilidad del registro efectuado*, determinación que es revisable por ambas partes ante el tribunal apelativo por vía de *certiorari. Pueblo* v. *Tribunal Superior*, 102 D.P.R. 524 (1974). Debe mantenerse presente, por último, que una decisión suprimiendo una evidencia en particular necesariamente no implica el fin del caso; siempre existe la posibilidad de que el Ministerio Público pueda demostrar el día del juicio la culpabilidad del acusado más allá de duda razonable mediante la presentación de evidencia independiente y distinta a la suprimida. Debe garantizársele al Estado esa oportunidad.

■ Resolvemos, en su consecuencia, que un tribunal no tiene autoridad en ley para emitir un "fallo absolutorio" en una vista señalada para la discusión de una moción de supresión de evidencia ya que dicho fallo sólo puede ser emitido en el contexto de un "juicio". Cualquier pronunciamiento a esos efectos dentro de una vista de supresión es un acto *ultra vires* y nulo que es revisable, por constituir una cuestión de derecho, ante el foro apelativo, procediendo la devolución del caso al foro de instancia para la celebración propiamente del "acto del juicio" sin que se violente la garantía constitucional sobre doble exposición. *Cf. Pueblo* v. *Tribunal Superior*, 104 D.P.R.

626 (1976). Véase, en adición, *Serfass* v. *United States*, 420 U.S. 377, 388 (1974).

## II

■ Nos corresponde ahora pasar juicio sobre la determinación del foro de instancia suprimiendo la evidencia en el presente caso. Sabido es que el propósito de la disposición tanto de la Cuarta Enmienda de la Constitución de Estados Unidos de América y la Sec. 10 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, a los efectos de que no podrán expedirse mandamientos judiciales autorizando registros y allanamientos a menos que exista causa probable, apoyada la misma en juramento o afirmación, *lo es el de proteger al pueblo americano y puertorriqueño contra registros y allanamientos irrazonables.*

■ Consecuencia lógica e inescapable de la referida garantía constitucional constituye lo resuelto por este Tribunal en *Pueblo* v. *Lebrón*, 108 D.P.R. 324, 329 (1979) a los efectos de que "una incautación *sin orden judicial* produce una *presunción de invalidez* sujeta a ciertas y limitadas excepciones". (Énfasis suplido.)

■ En relación a dichas excepciones, o lo que es lo mismo, *las situaciones o circunstancias en que se permite que se dispense del requisito de la orden judicial previa*, en *Pueblo* v. *González Rivera*, 100 D.P.R. 651, 656 (1972), expresamos que entre las mismas "figuran el registro incidental a un arresto legal [citas], el registro de un vehículo de motor, barco o vagón cuando existe causa probable para creer que se transporta mercancía de contrabando o prohibida por ley [citas], cuando el vehículo ha sido confiscado y el registro posterior del vehículo está relacionado con la razón por la cual se arrestó a su ocupante [cita], cuando la propiedad a ser incautada está en proceso de destrucción o en inminente riesgo de ser destruida [citas], cuando las exigencias de las circuns-

tancias hacen imperativo proceder a un registro previo al arresto como cuando de no efectuarse el registro se pone en peligro la vida de los agentes o de otras personas [citas], y cuando se da consentimiento para el registro o se renuncia al derecho constitucional contra registros y allanamientos irrazonables. [Cita.]" Como sabemos, le corresponde al Ministerio Público, en ausencia de la orden judicial previa, el *peso de probar* la existencia de dichas circunstancias. *Pueblo* v. *Vázquez Méndez*, 117 D.P.R. 170 (1986). En relación a esta materia debemos mantener presente, en adición, nuestras decisiones a los efectos de que un registro incidental y contemporáneo a un arresto legal necesariamente no está limitado a la persona del arrestado sino que se extiende al área bajo su control y alcance inmediato. *Pueblo* v. *Riscard*, 95 D.P.R. 405 (1967); *Pueblo* v. *Cruz Rivera*, 100 D.P.R. 345 (1971) y *Pueblo* v. *Del Río*, 113 D.P.R. 684 (1982).

■ En relación al caso específico que ocupa nuestra atención, es de fundamental importancia recordar, por último, que este Tribunal ha resuelto —citando con aprobación varias decisiones del Tribunal Supremo de Estados Unidos [7]— que el registro de un automóvil es una "intrusión mucho menor" en los derechos protegidos tanto por la Cuarta Enmienda de la Constitución americana como por la Sec. 10 del Art. II de nuestra Constitución por razón de que una persona "tiene menos expectativa de intimidad (*privacy*) en un vehículo de motor", ya que el mismo "se destina a la transportación y raras veces sirve de vivienda o depósito de efectos personales". *Pueblo* v. *Vargas Delgado*, 105 D.P.R. 335, 337–338 (1976); *Pueblo* v. *Del Río*, ante.

---

[7] Debe recordarse que este Tribunal a pesar de que no puede reducir el ámbito mínimo de los derechos humanos según éstos hayan sido definidos por el Tribunal Supremo de Estados Unidos puede ampliarlos. *Pueblo* v. *Dolce,* 105 D.P.R. 422, 426–428 (1976).

## III

En el presente caso resulta incuestionable la validez del arresto de los cuatro ocupantes del vehículo de motor efectuado por los agentes del orden público al amparo de las disposiciones del inciso (a) de la Regla 11 de las de Procedimiento Criminal. Dichos agentes tenían "motivos fundados" para creer que dichas personas habían cometido un delito público en su presencia; procedía, en su consecuencia, el arresto inmediato de los mismos.

Dados los hechos particulares del presente caso —ocupantes de un vehículo de motor que han realizado varios disparos de arma de fuego desde el interior del mismo— resolvemos que fue legal y razonable el registro del maletín y la mochila que se encontraban en el interior de la "cabina" de dicho vehículo sin que fuera necesario que dichos agentes obtuvieran una orden judicial para el registro de dicho vehículo. Debemos mantener presente que existía una *gran probabilidad* de que *todas* estas personas se encontraran armadas y/o de que hubieran varias armas de fuego dentro del vehículo en cuestión; que los agentes del orden público eran superados numéricamente por los ocupantes del mismo, y que los objetos registrados se encontraban al alcance de los arrestados. Dicho registro realizado contemporáneo al arresto, en protección de la vida y seguridad de los agentes del orden público, fue razonable. *Pueblo* v. *Del Río*, ante; *Pueblo* v. *De Jesús Cordero*, 101 D.P.R. 492 (1973); *Pueblo* v. *Cruz Rivera*, ante.

Así, aparentemente, lo entendió el tribunal de instancia al declarar sin lugar la moción de supresión en cuanto al conductor del vehículo, el coacusado Carlos Rivera Serrano. Incomprensiblemente, sin embargo, dicho foro suprimió la evidencia en cuanto a los restantes ocupantes. Tal parece que entendió que así debía proceder por razón de que se encontró en el maletín y la mochila documentos que aparentemente demostraban que los mismos pertenecían al coacusado Carlos

Rivera Serrano. Erró al así actuar. Dicha determinación es una a ser hecha por el *juzgador de los hechos* en el juicio en su fondo del caso. Debe recordarse que la *"mera presencia* durante la comisión de un delito no es suficiente *por sí sola* para sostener una convicción, [citas]; pero este hecho puede considerarse conjuntamente con las otras circunstancias que rodean el hecho delictivo a los fines de la determinación de responsabilidad, [cita]. No es indispensable, pues, que el acusado ejecute personalmente el acto delictivo y basta con su presencia pasiva, *siempre que su responsabilidad como coautor pueda establecerse* por actos anteriores, o como el resultado de una conspiración en que participó, [citas], *o de un designio común"*. (Énfasis suplido.) *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 519–520 (1961). Debe mantenerse presente que el elemento de "concierto y común acuerdo o designio común", como cualquier otro hecho en controversia, puede ser establecido mediante prueba indirecta o circunstancial, *Pueblo* v. *Cancel Peraza*, 106 D.P.R. 28 (1977), y que la evidencia circunstancial es intrínsecamente igual que la evidencia directa. *Pueblo* v. *Salgado Velázquez*, 93 D.P.R. 380 (1966). En cuanto a la "posesión" de los artículos prohibidos envueltos en este caso debe recordarse, por último, que la ley contempla no sólo la tenencia física inmediata por un individuo sino que la posesión común que ocurre cuando varias personas, con conocimiento, comparten el control sobre el artículo delictivo; esto es, la llamada "posesión constructiva", *Pueblo* v. *Cruz Rivera*, 100 D.P.R. 345, 349 (1971); *Pueblo* v. *Rosa Burgos*, 103 D.P.R. 478, 479 (1975).

Por los fundamentos antes expresados, *se expide el auto de certiorari solicitado y se dictará sentencia revocatoria de la resolución recurrida y se devuelve el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Hernández Denton disiente sin opinión escrita.