Segarra Olivero, Juez Ponente
*834 TEXTO COMPLETO DE LA SENTENCIA
El peticionario nos solicita la revocación de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró sin lugar una moción de desestimación de la acusación instada al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.
64.
Por las razones que más adelante exponemos, expedimos el auto solicitado, revocamos la resolución recurrida y devolvemos el caso al foro de origen para la continuación de los procedimientos de forma compatible con lo aquí expuesto.
I
El 6 de septiembre de 1997 el Ministerio Público presentó cargos contra Adriel Mercado Cuevas (en adelante el peticionario), Melvin Heredia González y Juan Alvarez Mercado, por violación a los Artículos 401 y 404 de la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sees. 2401 y 2404, respectivamente. El Tribunal de Primera Instancia encontró causa probable para el arresto de los imputados. En la vista preliminar el Ministerio Público presentó únicamente el testimonio del Agente José Rodríguez Dávila (agente Rodríguez), quien presenció los hechos que originaron la radicación de los cargos antes mencionados.
Luego de escuchar el testimonio del Agente Rodríguez, el juez instructor determinó que existía causa probable para acusar a los tres imputados por infracción al Artículo 401 de la Ley de Sustancias Controladas, supra. Además, el tribunal a quo estimó que existía causa probable para acusar al peticionario por violación al Art. 404 del mismo cuerpo de reglas, supra.
Posteriormente, el peticionario presentó ante el foro recurrido una moción al amparo de la Regla 64 (p) de las de Procedimiento Criminal, supra, en la cual solicitó la desestimación de la acusación por infracción al Art. 401 de la Ley de Sustancias Controladas, supra. Adujo que no se presentó prueba alguna sobre la intención de distribuir sustancias controladas, lo cual es un elemento esencial de dicho delito. Señaló, además, que la cantidad de sustancias controladas incautadas en el caso de autos no era suficiente para inferir la existencia de la intención de distribuir o vender las mismas.
Por su parte, el Ministerio Público, en su oposición a dicha solicitud, alegó que había presentado la prueba necesaria en la vista preliminar para establecer la existencia de todos los elementos de los delitos imputados, así como la conexión del peticionario con éstos y sostuvo que la cantidad de droga ocupada era suficiente para inferir razonablemente que sería utilizada para distribución y no meramente para uso personal de los arrestados.
El tribunal a quo dictaminó que no procedía la desestimación de la acusación contra el peticionario por infracción al Art. 401 de la Ley de Sustancias Controladas, supra, habida cuenta que había desfilado prueba suficiente para la determinación de causa probable para acusar por ambos delitos y que no le correspondía a dicho foro resolver la cuestión planteada por el peticionario ya que dicha facultad le correspondía a este Tribunal.
Inconforme con este dictamen, el peticionario acude ante nos mediante el presente recurso de certiorari. El 5 de octubre de 1995 emitimos una resolución en la que le concedimos al Procurador General un término para que mostrara causa por la cual no debía revocarse la resolución recurrida. El Procurador General ha comparecido. Su comparecencia no nos persuade. Resolvemos según lo intimado.
II
El propósito principal de la vista preliminar es evitar que se someta a un ciudadano en forma *835 arbitraria e injustificada a los rigores de un proceso criminal y evitar y prevenir procedimientos ulteriores innecesarios. Pueblo v. Ocasio, _ D.P.R. _ (1995), 95 J.T.S. 122; Vocero v. E.L.A., _ D.P.R. _ (1992), 92 J.T.S. 108; Pueblo v. González, 120 D.P.R. 684 (1988); Pueblo v. Opio Opio, 102 D.P.R. 279 (1975); Pueblo v. Figueroa Castro, 102 D.P.R. 279 (1974); Pueblo v. López Camacho, 98 D.P.R. 700, 702 (1970). Para que un juez instructor pueda Formar su juicio en una vista preliminar sobre la existencia de causa probable, tal determinación, para que se haga conforme a la ley y al derecho, debe estar basada en prueba que le lleve a creer que probablemente se cometió un delito y que fue probablemente el imputado quien lo cometió. Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594-595 (1972). El grado de prueba necesario para hacer una determinación de causa probable es aquella que convenza al magistrado de la razonabilidad de exponer a una persona imputada de delito a los rigores de un juicio criminal. Hernández Ortega v. Tribunal, 102 D.P.R. 765, 769 (1974).
La Regla 64(p) de las de Procedimiento Criminal, supra, establece que el imputado de delito podrá solicitar la desestimación de la acusación contra él radicada por el fundamento de que:
"... se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y al derecho."
El acusado de delito grave puede, luego de presentada la acusación, atacar la determinación de causa probable hecha en la vista preliminar o en la vista preliminar en alzada y producir prueba en contrario a la presunción de corrección de la que goza la determinación de causa probable para acusar, Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796, 799 (1973), si el Ministerio Público no descarga cabalmente su deber de demostrar que probablemente se cometió el delito imputado o que el acusado probablemente lo cometió. Pueblo v. Rivera Alicea, 125 D.P.R. 37 (1989); Vázquez Rosado v. Tribunal Superior, supra.
El mecanismo procesal que le proveen las Reglas de Procedimiento Criminal a todo acusado de delito para impugnar la determinación de causa probable es una moción de desestimación al amparo de la Regla 64(p), supra. La moción de desestimación bajo este inciso sólo procede cuando el acusado demuestre una situación de ausencia total de prueba en cuanto a la probabilidad de que se haya cometido el delito imputado, que no hay prueba sobre uno o todos los elementos del delito, o sobre la conexión del acusado con el delito imputado. Pueblo v. Rivera Alicea, supra; Vázquez Rosado v. Tribunal Superior, supra.
El análisis adecuado para resolver una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, supra, requiere examinar la prueba vertida en la vista preliminar y la producida por el imputado durante la vista de desestimación. Pueblo v. Rivera Alicea, supra.
Ill
Aclarado el alcance de la función del juzgador en la etapa relativa a la desestimación de la acusación bajo la Regla 64(p), supra, examinemos la prueba que tuvo ante sí el tribunal recurrido al declarar sin lugar la solicitud presentada por el peticionario.
De la declaración jurada suscrita por el Agente Rodríguez y de su testimonio ofrecido en la vista preliminar surgen los hechos que dieron lugar al arresto y posterior acusación del peticionario por violación a los Arts. 401 y 404 de la Ley de Sustancias Controladas, supra. Expongamos un resumen de los mismos.
El 6 de septiembre de 1997 el Agente Rodríguez comenzó a trabajar en el tumo de las 12:00 P.M. para prestar una vigilancia en un punto de drogas localizado en la Calle Venus Final en Ponce, Puerto Rico. El Agente Rodríguez se estacionó en la referida calle y utilizó unos binoculares para observar lo que allí ocurría y vio que un automóvil marca Toyota, modelo Célica y color azul llegó al área donde estaba localizado el punto de drogas y que de dicho vehículo se bajó un individuo sin camisa (quien luego resultó ser el peticionario) y se dirigió hacia otro individuo que estaba recostado de una pared. La persona que no tenía camisa (el peticionario) compró unas bolsitas rojas de supuesta marihuana y luego abordó nuevamente el vehículo Toyota, Célica, en el cual estaban otras dos personas. *836 Posteriormente, éstos se retiraron del lugar. El Agente Rodríguez, por instrucciones de su supervisor, siguió ál referido vehículo junto con otros oficiales de la Policía. En algún punto en la carretera núm. 10 de Ponce, el Agente Rodríguez detuvo al automóvil, se identificó como Policía y arrestó a sus ocupantes. El Agente Rodríguez registró el vehículo y ocupó, debajo del asiento trasero del pasajero, una bolsa plástica transparente que contenía en su interior veintiún (21) bolsitas plásticas color rojo con marihuana en su interior. Entonces registró a los arrestados y le ocupó al peticionario tres (3) bolsitas plásticas transparentes con cocaína en su interior.
El peticionario plantea que procede la desestimación de la acusación por violación al Art. 401 de la Ley de Sustancias Controladas, supra, pues no hubo prueba alguna que demostrara el elemento esencial de la intención de distribuir sustancias controladas. Entendemos que le asiste la razón.
El Art. 401 de la Ley de Sustancias Controladas, supra, lee, en lo pertinente, como sigue:

"(a) Excepto en la forma autorizada en este Capítulo, será ilegal el que cualquier persona, a sabiendas o intencionalmente:

(1) Fabrique, distribuya, dispense, transporte u oculte, o posea con la intención de fabricar, distribuir, dispensar, transportar u ocultar una sustancia controlada;

(2) produzca, distribuya o dispense, transporte u oculte o posea con la intención de distribuir o dispensar, transportar u ocultar una sustancia controlada..."

La posesión a que se refiere este Artículo requiere una intención específica, bien fuere la de fabricar, distribuir, dispensar o transportar u ocultar sustancias controladas. Fuentes Morales v. Tribunal Superior, 102 D.P.R. 705, 708 (1974). Del testimonio prestado por el Agente Rodríguez no surge dicha intención. Este testificó que observó al peticionario comprar varias bolsitas de marihuana en el punto de drogas ubicado en la Calle Venus de Ponce y que ocupó (21) bolsitas de marihuana que se encontraban en el vehículo registrado y tres bolsitas de cocaína al peticionario. Nb hubo testimonio indicativo de que el peticionario vendió o tenía la intención de vender sustancias controladas.
El Ministerio Público no realizó esfuerzo alguno para estimar el valor en el mercado de la droga ocupada. Igualmente, brilló por su ausencia prueba sobre cuánto pesaba la droga ocupada que, junto al valor en el mercado de la misma, constituye otro aspecto relevante para inferir que las sustancias controladas se poseían con intención de distribuirlas. La realidad es que, en ausencia de otros elementos de juicio, la cantidad de droga ocupada es insignificante y más compatible con la posesión de las sustancias controladas, sin la intención de distribuirlas. Si resolviéramos lo contrario, estaríamos reconociendo implícitamente que a cualquier persona a quien se le presenten cargos por posesión de sustancias controladas, Art. 404, supra, pudiese ser automáticamente denunciada también por posesión con intención de distribuir las mismas, Art. 401, supra, sin ninguna prueba que sustentara la comisión de tal delito.
Nuestro Tribunal Supremo ha tomado en consideración el criterio relativo a la cantidad de droga ocupada para determinar si está presente el elemento de posesión con intención de distribuir del Art. 401 de la Ley de Sustancias Controladas, supra. Véanse, Pueblo v. lorio Ormsby, _ D.P.R. _ (1994), 94 J.T.S. 155; Pueblo v. Rosa Burgos, 103 D.P.R. 478 (1975).
En el caso de autos, de la cantidad de droga incautada no puede razonablemente inferirse que el - peticionario poseía la droga con intención de venderla o distribuirla. Valga señalar que no estamos ante el caso típico de distribución en el que un agente, en el transcurso de su investigación, observa a la persona realizando transacciones de venta y distribución de sustancias controladas o el agente encubierto le compra directamente a la persona alguna sustancia controlada. Véase, Pueblo v. lorio Ormsby, supra. Este Tribunal entiende que estamos ante un caso de ausencia total de prueba para acusar al peticionario por violación al Art. 401 de la Ley de Sustancias Controladas, supra. Examinada la única prueba de cargo presentada por el Ministerio Público en la vista preliminar, procede que declaremos con lugar la moción de desestimación presentada por el peticionario. La cantidad de . sustancias controladas ocupadas al peticionario no es lo suficientemente grande como para inferir, sin más, y con exclusión de otra prueba la intención de distribuir.
*837 y
Por todo lo anteriormente expuesto, se expidé el auto solicitado, se revoca la resolución recurrida y se devuelve el caso al foro de origen para la continuación de los procedimientos de forma compatible con lo aquí expuesto.
El Juez Aponte Jiménez disiente en voto separado.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria-General.
Aida Ileana Oquendo Graulau
Secretaria General
VOTO DISIDENTE DEL JUEZ DE APELACIONES, SR. APONTE JIMENEZ — 98 DTA 45
San Juan, Puerto Rico, a 26 de octubre de 1998
Por carecer de una exposición narrativa de la prueba en relación con la aportada en la determinación de causa probable para acusar al imputado-peticionario, me siento impedido para determinar si dicho dictamen se ajusta a la ley y al derecho. Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(p). Por tal razón revocaría la resolución recurrida y remitiría el asunto al foro de origen para que, en atención a la moción para desestimar presentada por el imputado-peticionario, celebre una vista evidenciaría a los fines de considerar y adjudicar los méritos de su reclamo.
JOSE M. APONTE JIMENEZ
Juez de Apelaciones