ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| WILFREDO BERRÍOS ROJAS,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | KLRA202500152 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Núm. querella.: 215-24-129.<br><br>Sobre: querella disciplinaria. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2025.

El señor Wilfredo Berríos Rojas (señor Berríos) instó este recurso, por derecho propio, el 13 de marzo de 2025[1]. En él, impugna la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (DCR) el 24 de enero de 2025[2]. Mediante el referido dictamen, el DCR determinó que el señor Berríos había incurrido en la conducta prohibida que le fue atribuida mediante la querella disciplinaria 215-24-129. En particular, se le imputó una violación al Código 107 del Reglamento Núm. 9221, *infra.*

Por los fundamentos que exponemos a continuación, **confirmamos** la *Resolución* recurrida.

I

El 4 de diciembre de 2024, el oficial correccional Paul Pérez presentó ante el DCR la querella de incidente disciplinario 215-24-129, por violación al Código 107 del Reglamento Núm. 9221 del 8 de octubre de 2020, intitulado *Reglamento para establecer el procedimiento disciplinario*

---

[1] En esa misma fecha, el señor Berríos presentó, debidamente cumplimentada, la *Solicitud para que se exima del pago de arancel por razón de indigencia*. Mediante nuestra *Resolución* del 1 de abril de 2025, la declaramos **con lugar** y, en su consecuencia, le eximimos del pago de los aranceles de presentación.

[2] *Véase*, apéndice de la oposición al recurso, a las págs. 12-14. Aludimos al apéndice de la oposición presentada por el DCR, pues este está debidamente numerado y organizado.

Número identificador

SEN2025 _____

*de la población correccional* (Reglamento 9221). Adujo que, en esa fecha, a las 7:30 pm, se había llevado a cabo un registro de la celda 206, que habitaban el señor Berríos y el señor Juan Oconner. Aseveró que, en el transcurso del registro, encontró, dentro de un agujero al lado del inodoro, dos "fizgas [*sic*] color violeta y blanco con la palabra Colgate de punta afilada"[3].

A raíz de la querella, se inició un proceso investigativo llevado a cabo por el señor Nelson A. Rivera Rodríguez (investigador). Culminada la investigación, el 21 de enero de 2025, se celebró la vista disciplinaria del caso ante el oficial examinador de vistas, el señor Andrés Martínez Colón[4]. Durante la vista, el señor Berríos testificó y negó haber violentado la norma.

El 24 de enero de 2025, el DCR notificó al señor Berríos la *Resolución* objeto de controversia[5]. Como adelantamos, se le imputó una violación al Código 107 del Reglamento Núm. 9221. Además, se le impusieron las siguientes sanciones: suspensión del privilegio de comisaría (excepto artículos de higiene personal), recreación activa, visita, actividades especiales y cualquier otro privilegio, por un término de 60 días calendarios.

Inconforme con la determinación emitida por el DCR, el 28 de enero de 2025, el señor Berríos presentó una solicitud de reconsideración[6]. En síntesis, arguyó que, en contravención al Reglamento Núm. 9221 y al reglamento sobre registros, de la querella no surgía que se hubiera cumplido con el proceso conforme al cual se debió llevar a cabo el registro de celdas.

La solicitud de reconsideración presentada por el señor Berríos fue rechazada de plano el 4 de febrero de 2024, lo cual le fue notificado el 11 de febrero de 2025.

---

[3] *Véase*, apéndice de la oposición al recurso, a la pág. 11.

[4] *Íd.*, a la pág. 18.

[5] *Íd.*, a la pág. 16.

[6] *Íd.*, a las págs. 3-7.

Aún inconforme, el 13 de marzo de 2025, el señor Berríos presentó este recurso de revisión judicial, en el que formuló los siguientes señalamientos de error:

Erró el OEVD Andrés Martínez Colón al hallar incurso al recurrente de la violación al código 107 del reglamento disciplinario Núm. 9221, al surgir de la querella disciplinaria múltiples conceptos que establece el código, a modo de una expedición de pesca.

Erró el OEVD Andrés Martínez Colón al hallar incurso al recurrente de la violación al código 107 del reglamento disciplinario Núm. 9221, bajo el fundamento de posesión constructiva conjunta, sin que el Querellante hubiese investigado a [cuál] de los dos ocupantes de la celda deben pertenecerle las supuestas fisgas, de ser el caso.

Erró el OEVD Andrés Martínez Colón al hallar incurso al recurrente de la violación al código 107 del reglamento disciplinario Núm. 9221, al no permitirle al recurrente presentar como prueba de defensa el informe de Plan de Registros llevado a cabo en la Unidad 3L el 4 de diciembre de 2024 el cual debe describir el nombre del sargento o supervisor que estuvo supervisando el proceso de registro a las celdas, y todos los oficiales correccionales, así como todas las pertenencias ocupadas resultantes del mismo. Además, manifiesta si se utilizó una cámara de video para realizar el registro.

Por su parte, el 5 de mayo de 2025, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013).

Así pues, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia

suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron*. Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

Cónsono con lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. V. Caribe Specialty et al. II*, 179 DPR 923, 941 (2010). Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

El Reglamento Núm. 9221 de 8 de octubre de 2020, intitulado *Reglamento para establecer el procedimiento disciplinario de la población correccional*, establece un mecanismo para imponer medidas disciplinarias a aquellos confinados que violen las normas y procedimientos establecidos en las instituciones bajo la jurisdicción del Departamento de Corrección y Rehabilitación.

En lo pertinente, la Regla 4(1) del referido reglamento define **acto prohibido** como cualquiera que implique una violación a las normas de conducta de la institución, que conlleve la imposición de medidas disciplinarias, lo cual incluye cualquier acto u omisión, o conducta tipificada como delito.

Por su parte, el Código 107 de la Regla 15 del Reglamento Núm. 9221 establece como un acto prohibido sujeto a sanción el siguiente:

> Se prohíbe la **posesión**, fabricación, introducción de armas de fuego, armas blancas, materiales explosivos, sustancias químicas, municiones, sustancias de cualquier índole que puedan ser utilizadas para la confección de armas, materiales explosivos, sustancias químicas, o todo tipo de municiones. Se incluyen pistolas, revolver, navajas, **fisgas**, clavos, tornillos, o **cualquier otro que pueda casuar algún tipo de daño corporal.**

Reglamento Núm. 9221, Regla 15(107). (Énfasis nuestro).

Cuando un oficial correccional sea testigo de un incidente o infracción a las normas del Reglamento Núm. 9221 por parte de un confinado, este podrá presentar una querella. *Íd.*, Regla 6. Una vez presentada, esta es asignada a un oficial de querella, quien deberá conducir la investigación correspondiente. *Íd.*, Regla 12. En aquellas instancias en las que se impute la comisión de un acto prohibido, la Regla 13 del Reglamento Núm. 9221 dispone que el oficial de querella referirá el caso al oficial examinador de vistas disciplinarias para el señalamiento y la celebración de una vista.

Celebrada la vista, el oficial examinador adjudicará la querella e impondrá las sanciones que, a su discreción, entienda correspondientes. *Íd.*, Regla 28. **La determinación del oficial examinador deberá estar**

**basada en la totalidad de la evidencia presentada, la cual deberá evaluarse bajo el estándar de preponderancia de la prueba**. Reglamento Núm. 9221, Regla 28.

III

En síntesis, el señor Berríos sostiene que el DCR erró al encontrarlo incurso en la violación del Reglamento Núm. 9221, Regla 15, Código 107. Aduce que el DCR no investigó a quién le pertenecían las fisgas encontradas en la celda donde este residía con el señor Juan Oconnor. A su vez, señaló que, durante la vista administrativa, no se le permitió presentar en evidencia el informe del plan de los registros que fueran realizados el 4 de diciembre de 2024.

Por estar intrínsecamente relacionados, discutiremos los señalamientos de error en conjunto.

En primer lugar, el señor Berríos aduce que la querella, según fue presentada, incumplió con las disposiciones del Reglamento Núm. 9221, sobre el contenido de la querella. En particular, resalta que no se detalló cuál era la conducta imputada.

Además, arguye que el DCR basó su determinación en meras especulaciones. En cuanto a ello, afirma que no se llevó a cabo una investigación mediante la cual se pudiera concluir que las fisgas encontradas en su celda le pertenecieran. Finalmente, sostiene que el registro efectuado en su celda fue uno ilegal toda vez que no se le permitió estar presente al momento de realizarlo, no había un sargento presente y no se grabó un vídeo del proceso.

Por su parte, el DCR arguye que, contrario a lo planteado por el señor Berríos, la determinación recurrida fue emitida conforme a los procesos establecidos en el Reglamento Núm. 9221, y estuvo basada en el análisis de la totalidad del expediente administrativo.

Evaluada la totalidad del expediente, el recurso y su oposición, confirmamos la determinación del Departamento de Corrección y Rehabilitación. Veamos.

En primer lugar, debemos aclarar que el procedimiento administrativo llevado a cabo por el DCR fue conforme lo exige el Reglamento Núm. 9221. El señor Berríos no solo fue debidamente notificado de la querella disciplinaria debidamente cumplimentada[7], sino que, tras la investigación pertinente[8], y luego de que se le apercibiera de los derechos que le asistían[9], tuvo la oportunidad de testificar en la vista administrativa[10].

En segundo lugar, reiteramos que el Reglamento Núm. 9221 exige que la determinación esté basada en la totalidad de la evidencia presentada, la cual se deberá evaluar conforme al estándar de preponderancia de la prueba. A todas luces, ello fue lo que ocurrió en esta ocasión.

Surge del expediente administrativo que, durante la vista, se presentó prueba suficiente para demostrar que el señor Berríos tenía la posesión constructiva de las fisgas ocupadas en su celda[11]. Ello quedó validado y corroborado por las declaraciones, tanto del oficial querellante, el señor Pérez[12], como del testigo señor Villanueva[13], además de por las fotos de las fisgas ocupadas y presentadas en evidencia[14].

Como discutimos, las determinaciones de hechos de los organismos administrativos tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas.

---

[7] *Véase*, apéndice de la oposición al recurso, a la pág. 22.

[8] *Íd.* a la pág. 15.

[9] *Íd.,* a las págs. 23-24.

[10] *Íd.,* a la pág. 10.

[11] En su *Resolución*, el DCR citó la opinión del Tribunal Supremo en *Pueblo v. Rivera Rivera*, 117 DPR 283, 294 (1986), la cual definió el concepto de **posesión constructiva** de la siguiente manera: la posesión es constructiva cuando, sin tener la posesión inmediata del objeto, se tiene el poder e intención de ejercer el control o dominio sobre el mismo. *Véase*, apéndice de la oposición*,* a la pág. 13.

[12] *Íd.,* a la pág. 25.

[13] *Íd.,* a la pág. 26.

[14] *Íd.,* a la pág. 27.

En este caso, el señor Berríos no logró demostrar que existiera otra prueba en el expediente que redujera o menoscabara el valor probatorio de la evidencia impugnada. Inclusive, en cuanto a sus argumentos de que no se tomó un vídeo de la inspección de la celda o que no se le hizo entrega de la copia del informe de los registros llevados a cabo el 4 de diciembre de 2024, carecen de méritos, pues la reglamentación aplicable no requiere de una grabación en vídeo, ni la copia del informe resultaba pertinente a la controversia que debía adjudicar el oficial examinador. Así pues, prevalece la presunción de corrección de la resolución emitida por el DCR.

IV

Por los fundamentos antes expresados, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones