Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>RAYMOND RICHARD TORRES ECHEVARRÍA<br><br>Peticionario | TA2025AP00682 | *APELACIÓN acogida como CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCR202400724-726 I1TR202300205-209<br><br>Sobre: ART. 5-07 C LEY 22; ART. 5.07 B LEY 22; ART. 4.02 LEY 22; ART. 3.23 A LEY 22; ART. 5.07 LEY 22 (4 CASOS) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de marzo de 2026.

Comparece la parte peticionaria, el señor Raymond Richard Torres Echevarría, solicita la revocación de la Resolución dictada en 14 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, notificada el 17 de noviembre de 2025. Por vía del dictamen interlocutorio el Tribunal de Primera Instancia declaró "No Ha Lugar" la *Moción en Solicitud de Supresión de Admisión* presentada por apelante.

El 9 de febrero de 2026 acogimos el recurso presentado como un *certiorari* y mantuvimos la misma designación alfanumérica.

Por los fundamentos dispuesto en este dictamen, *denegamos* la expedición del auto solicitado.

## -I-

El 30 de octubre de 2023 el Ministerio Público presentó varias denuncias en contra de la parte peticionaria por supuestamente infringir diversos delitos contenidos en la Ley Núm. 22-2000, según enmendada, conocida como *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001 *et seq.* La vista preliminar fue celebrada el 2 y 28 de mayo de 2024, y el foro primario determinó causa para juicio por los delitos imputados. El 8 de abril de 2025 el peticionario presentó una *Moción en solicitud de supresión de admisión.* Expresó que, su derecho a un debido proceso quedó violentado por haberse obtenido una confesión inválida. Aseveró que, no contó con los servicios de un traductor, tampoco una lectura de las advertencias legales en el idioma que dominaba, y no fue sometido a una prueba de alcohol al momento de la confesión. Además, manifestó que el único vínculo con el accidente de este caso es la confesión ilegal redactada por el propio agente investigador en el idioma español.

El 14 de abril de 2025 el foro primario concedió 20 días al Ministerio Público para fijar su posición. En cumplimiento con la orden del tribunal, el 1 de mayo de 2025 el Ministerio Público presentó su escrito en oposición a la solicitud de la confesión del peticionario. En esencia, señaló que, durante la entrevista efectuada por el agente investigador, el peticionario habló en el idioma español y no solicitó intérprete o expresar no entender el idioma. El 23 de septiembre, 7 de octubre y 10 de noviembre de 2025, el foro de primera instancia celebró la *Vista de Supresión de Confesión.* A la vista compareció el peticionario representado por su abogado. El Ministerio Público presentó como prueba el testimonio del agente investigador, el agente Jesús Alers Rodríguez y del sargento Mario Mass López. El tribunal admitió, además, el Formulario PPR-615.4, *Advertencias Miranda para Persona*

*Sospechosa en Custodia,* como Exhibit 1; el Formulario PPR-615.9,

*Declaración de Persona Sospechosa,* como Exhibit 2; seis fotos

como Exhibit 3 A-F; el *Informe de Solicitud de Análisis Sección de*

*Análisis y Reconstrucción de Escena* como Exhibit 4; tres fotos

como Exhibit b A-C; seis fotos como Exhibit 6 A-F del Ministerio

Público. En adición, el *Informe de Choque de Tránsito Descripción*

*de Hechos y el Suplemento* como Exhibit | A-B; la *Hoja de*

*Entrevista a Wanda Echevarría Bauzá* como Exhibit 11; y la *Hoja*

*de Entrevista a Annette Díaz* como Exhibit 11 de la defensa.

Sometido el asunto, el foro primario emitió la *Resolución* recurrida

en la cual declaró "No Ha Lugar" la moción de supresión de

confesión. En particular, el Tribunal de Primera Instancia

concluyó:

> En resumen, una vez el acusado fue puesto bajo custodia policiaca, se le realizaron inmediatamente las advertencias legales de manera apropiada y eficaz. Primero fueron impartidas verbalmente por el sargento en el lugar del arresto y la segunda vez por el agente investigador en la Comandancia, quien se las leyó y cercioró que las entendiera. Las advertencias fueron realizadas de forma correcta y sin mediar coacción el acusado Torres Echevarría renunció libre y voluntariamente a su derecho constitucional a la autoincriminación. De hecho, el acusado marcó el encasillado del documento titulado *Advertencias Miranda* para *Persona Sospechosa en Custodia* confirmando que las referidas advertencias le fueron impartidas y que las entendió, antes de prestar declaración alguna.

> Luego de ello, y conforme la credibilidad que nos merecieron los testimonios del agente Alers Ramírez y del sargento Mass López, el acusado Torres Echevarría voluntaria, expresa e inteligentemente renunció a los derechos antes explicados y prestó una declaración en cuanto a su versión de los hechos. La declaración fue firmada cuatro veces por el acusado en presencia de los agentes del orden público.

> No surge evidencia alguna que nos permita, siquiera inferir, que el acusado fue objeto de coacción, violencia, intimidación o amenaza por parte de los funcionarios del Estado que intervinieron en la investigación del accidente. Por el contrario, la prueba demostró que éste

fue instruido sobre los derechos que como sospechoso le cobijaban y, aun así, el acusado optó por declarar con pleno conocimiento de lo que hacía. Así pues, no podemos más que concluir que el acusado renunció de forma libre, voluntaria, inteligente y con plena conciencia de lo que ello implica, a su privilegio de no auto incriminarse. Por consiguiente, las declaraciones u confesión cuya supresión se solicita, son admisibles.

Inconforme el peticionario comparece mediante el presente recurso extraordinario y señala los siguientes errores:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA DECLARACIÓN ATRIBUIDA AL ACUSADO CONSTITUYE UNA ADMISIÓN VOLUNTARIA, INTELIGENTE Y CONSCIENTE, SIN EFECTUAR EL ANÁLISIS CONSTITUCIONAL REQUERIDO Y SIN CONSIDERAR LA BARRERA IDIOMÁTICA DEL PETICIONARIO, LA AUSENCIA DE TRADUCCIÓN FIEL Y LA INTERVENCIÓN EXCLUSIVA DEL AGENTE EN LA REDACCIÓN DEL DOCUMENTO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGAR LA COMPARECENCIA DE LA TESTIGO DE CARGO ANNETTE DÍAZ, PESE A QUE SU DECLARACIÓN FORMA PARTE DEL EXPEDIENTE INVESTIGATIVO DEL MINISTERIO PÚBLICO, Y PESE A QUE SU TESTIMONIO ERA INDISPENSABLE PARA IMPUGNAR LA CREDIBILIDAD DEL AGENTE INVESTIGADOR Y LA VERACIDAD DE LA SUPUESTA ADMISIÓN.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ACEPTAR COMO HECHOS PROBADOS LA VERSIÓN DEL AGENTE JESÚS ALERS RODRÍGUEZ SIN CONFRONTARLA CON LAS DECLARACIONES DE WANDA ECHEVARRÍA Y ANNETTE DÍAZ, AMBAS CONTRADICTORIAS EN MATERIAL ESENCIAL, IGNORANDO ASÍ PRUEBA EXCULPATORIA Y EVIDENCIA IMPUGNATORIA QUE EL ORDENAMIENTO EXIGE EVALUAR ANTES DE VALIDAR CUALQUIER RENUNCIA A DERECHOS.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LAS TESTIGOS DE CARGO "NO TENÍAN INJERENCIA" EN LA VISTA DE SUPRESIÓN, CUANDO PRECISAMENTE SUS DECLARACIONES —UNA MANUSCRITA POR LA PROPIA TESTIGO Y OTRA REDACTADA POR EL AGENTE— CONTRADICEN FRONTALMENTE LA NARRATIVA INCRIMINATORIA QUE EL MINISTERIO PÚBLICO PRETENDE SOSTENER.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADJUDICAR LA SUPUESTA COMPRENSIÓN LINGÜÍSTICA DEL ACUSADO BASÁNDOSE EXCLUSIVAMENTE EN APRECIACIONES SUPERFICIALES Y NO EN EVIDENCIA CONCRETA, A PESAR DE QUE EL PROPIO RÉCORD JUDICIAL DEMUESTRA QUE EL ACUSADO REQUIERE INTÉRPRETE EN TODAS SUS VISTAS POR NO DOMINAR EL ESPAÑOL.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EVALUAR LA SUPUESTA RENUNCIA A DERECHOS DEL ACUSADO SIN CONSIDERAR EL IDIOMA EN QUE FUERON ADMINISTRADAS LAS ADVERTENCIAS, LA AUSENCIA DE NOTAS DE TRADUCCIÓN, LA INEXISTENCIA DE CONSTANCIA ESCRITA SOBRE LA INTERPRETACIÓN DEL DOCUMENTO Y EL HECHO INCONTROVERTIDO DE QUE EL ACUSADO NO ESCRIBIÓ NADA DE SU PUÑO Y LETRA EN EL PAPEL IDENTIFICADO COMO "ADMISIÓN".

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL FUNDAMENTAR SU DETERMINACIÓN EXCLUSIVAMENTE EN LA CREDIBILIDAD DEL AGENTE, SIN PERMITIR QUE LA DEFENSA EJERCIERA SU DERECHO CONSTITUCIONAL A IMPUGNAR DICHA CREDIBILIDAD Y SIN CONSIDERAR LA PRUEBA IMPUGNATORIA RECONOCIDA COMO EXCULPATORIA BAJO LA DOCTRINA DE BRADY, GIGLIO Y LA JURISPRUDENCIA PUERTORRIQUEÑA CITADA EN NUESTRAS MOCIONES.

El Ministerio Público también compareció mediante alegato escrito. Por tanto, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

*-II-*

La Ley de la Judicatura (Ley Núm. 201-2003) dispone en su Art. 4.006 (b) que, nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

El auto *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

determinaciones del tribunal recurrido. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

En atención a la referida regla, para determinar si debemos expedir un auto de *certiorari*, debemos tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-B-*

En Puerto Rico, el medio utilizado para suprimir la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, regula la moción de supresión de evidencia y de una identificación. En lo pertinente la regla dispone:

> En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones

específicas que sostengan el fundamento o los fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho para la resolución de la solicitud y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y **la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes**. [Énfasis nuestro].

Resaltamos que la vista de evidencia debe celebrarse "si en la solicitud la parte promovente aduce hechos o fundamentos que reflejan la ilegalidad o [irracionalidad] del registro, allanamiento o incautación".

### -III-

Al analizar con detenimiento los argumentos expuestos por el peticionario, a tenor con los criterios para determinar la expedición del auto de *certiorari* delineados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que, no procede nuestra intervención con la determinación recurrida. Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

Cabe destacar que, la celebración de una vista de supresión de evidencia no equivale a un juicio en su fondo, pues no se dilucida en ese procedimiento la culpabilidad o inocencia del acusado. *Pueblo v. Rivera Rivera,* 117 DPR 283, 290 (1986). Es decir, por lo general, la referida vista se debe circunscribir a considerar si un registro efectuado fue o no razonable. *Íd.* En el contexto de la celebración de una vista de supresión de confesión, el Tribunal Supremo de los Estados Unidos ha expresado que

"[t]he sole issue in such a hearing is whether a confession was coerced. Whether it be true or false is irrelevant; indeed, such an inquiry is forbidden". *Lego v. Twomey*, 404 US 477, 484 n. 12 (1972).

Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

### *-IV-*

Por los fundamentos que anteceden, *denegamos* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones